**MUSTANG BEACH DEVELOPMENT CORPORATION**

v.

**FIDELITY AND CASUALTY CO. OF NEW YORK.**

Civ. A. No. 70–C–208.

United States District Court, S. D. Texas, Corpus Christi Division.

Jan. 24, 1972.

John A. Waller and George A. Prowse, Corpus Christi, Tex., for plaintiff.

R. W. Woolsey, Corpus Christi, Tex., for defendant.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

The Plaintiff suffered the loss of a 1965 30-foot steel Diesel hydraulic dredge called "Mustang" as the result of Hurricane Celia, which occurred on August 3, 1970. Defendant Fidelity and Casualty Co. of New York issued policies No. HH4–93184 and No. HH4–93185 for the period of August 5, 1969, to August 5, 1970, insuring Plaintiff against loss of said vessel. It was stipulated that all premiums due on said policies of insurance had been paid to the Defendant. If the policies were in force at the time of Hurricane Celia, then the Plaintiff is entitled to recover in this lawsuit. The Defendant contends the policies had been canceled prior to Hurricane Celia and it has no liability for the loss of the dredge.

It was stipulated· that the notice of cancellation of the policies as of May 18, 1970, was dated May 8th, and actually mailed on that date. There is no contention that the notice as mailed did not conform with the notice requirements under the terms of the policy.

The Plaintiff's president testified about and offered in evidence an envelope which had been mailed by the Post Office Department, and which had stamped on the face, "Found loose in mails at Houston-Texas." The postmark on the envelope is illegible so the date of mailing of such envelope is not determinable. This witness said he received the notice of cancellation in that envelope on July 30, 1970, only a few days before the storm.

The Plaintiff did receive a letter dated May 7, 1970, from its general insurance agent in Houston, Texas, in due course, in which it was advised the vessel "Mustang" no longer met the underwriting requirements and that the company was ". . . releasing direct notice of cancellation· on May 8th to be effective May 18, 1970." The Plaintiff did not follow up on this at all and the Court is of the opinion that, if Defendant had done every act necessary to complete the termination of the insurance coverage, Plaintiff had adequate notice of the cancellation of the policies prior to Hurricane Celia.

■ Plaintiff contends the Defendant's attempt to cancel the policies was faulty, regardless of the effectiveness of the written notice, and the insurance coverage was not terminated, but was in effect at the time the "Mustang" was lost. The insurance policies provide:

"Either party may cancel this policy by giving ten days' notice in writing; if at the option of this company prorata rates, if at the request of the assured short rates will be charged—and arrival."

The language of this particular provision is, as the Court reads it, ambiguous because it leaves uncertain as to how and when any unearned premiums are to be refunded. It is undisputed that the company failed to refund any unearned

premiums due to the Plaintiff at the time of notifying it of the cancellation of the policies, although Plaintiff did receive unearned premiums figured on a pro-rata basis after the actual destruction of the vessel.

■ In view of the fact that this is a diversity case, the law of Texas must control with regard to the interpretation of the policy provision above quoted. In the case of Hartford Fire Insurance Company v. Cameron, 18 Tex.Civ.App. 237, 45 S.W. 158 (1898, no writ), a fire insurance policy was under consideration, including the following provision, to wit:

> "This policy shall be canceled at any time at the request of the insured; or by the company, by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that when this policy is canceled by this company, by giving notice, it shall retain only the pro rata premium." 45 S.W. 159.

The Court was asked to determine whether cancellation of the policy, by giving the notice called for, effectively terminated the coverage. The trial court refused to submit to the jury the issue as to whether the contract had been canceled at the time of the loss, since there was no evidence of a repayment or tender of the unearned premiums to the insured at the time the notice of cancellation was given. This action of the trial court was affirmed. Although relatively old, this case is still the law in Texas.

The Court of Civil Appeals in *Cameron* pointed out, on page 160, that,

> " . . . while it does not in terms declare when the return shall be made, it would be unreasonable and unjust to allow it to cancel its obligation, and

retain the consideration upon which it was based."

and went on to say,

> "It is a well-settled rule in equity that one who seeks to cancel an obligation must tender back the consideration in his bill to cancel, and we see no reason why this rule should not apply in the more summary method of cancellation of the contract by giving notice."

The Fifth Circuit in the case of Hartford Accident and Indemnity Company v. Swilley, 304 F.2d 213 (1962), held for the insurance company, but the policy provision under scrutiny flatly stated that the premium adjustment, " . . . may be made either at the time cancelation is effected *or as soon as practicable after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancelation."* (Emphasis added.) The Fifth Circuit considered Hartford Fire Insurance Company v. Cameron, supra, and, although recognizing it as the law in Texas, distinguished it by pointing out that the provisions of the policy being considered in the *Swilley* case, " . . . expressly negatives the interpretation urged by the appellee. To overrule this provision would be to take a novel step for which we know of no precedent in the law of Texas, or, for that matter, in the law of any other state."

The Court is of the opinion that the policies issued by Fidelity and Casualty insuring the "Mustang" were not canceled because the company failed to perform a necessary act in accomplishing the cancellation of the policy by tendering to Plaintiff the unearned premiums computed on a pro-rata basis under the terms of the policy.

The Plaintiff is entitled to recover under said policies for the loss of the vessel "Mustang". The parties have stipulated the value of the vessel at the time of the loss to be Forty-five Thousand Dollars ($45,000.00) and Plaintiff is entitled to recover such sum, and the court

costs are to be assessed against the Defendant.

The foregoing shall constitute the findings of fact and the conclusions of law by the Court in this case.